IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORRIE MATHIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:20-CV-0655-M-BH |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Before the Court for recommendation is *Defendant's Motion to Dismiss Plaintiff's Complaint and Brief in Support*, filed June 25, 2020 (doc. 18). Based on the relevant findings and applicable law, the motion should be **GRANTED,** and this case should be dismissed.

### I.  BACKGROUND

Lorrie Mathis (Plaintiff) sues her former employer, the City of Dallas (Defendant), alleging race and sexual orientation discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and defamation. (doc. 3 at 2; doc. 12 at 1-4, 8.)[2] Plaintiff was employed by Defendant as a driver in the "Street Department Labor 2-C" division from November 12, 2011, until September 13, 2018. (*Id.* at 3.) She claims that she was arrested on the job without any justification, reprimanded for the illegal dumping arrest even though the case was dismissed, falsely accused of having a suspended driver's license and being insubordinate, and wrongfully terminated for allegedly altering paperwork from a hospital. (doc. 3 at 2-3; doc. 12 at 1.) She also appears to allege that she was never provided notice of points being charged against her safety record. (doc. 3 at 2;

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

doc. 12 at 1.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 2, 2017, but it has not issued a final decision. (doc. 12 at 2.) She seeks "back-pay, job back, [and] an apology for [Defendant's] wrong doings." (doc. 12 at 1.)

On June 25, 2020, Defendant moved to dismiss all of Plaintiff's claims. (doc. 18 at 8.) Plaintiff submitted a one-page response with 47 pages of attachments. (doc. 22.) The attachments reflect that she was involved in a collision on July 19, 2016, which was found to be preventable and resulted in the assessment of points on her safety record and a letter of counseling. (*Id.* at 21-29, 31-32.) They also show that she was arrested for illegal dumping on July 28, 2017, and received a reprimand as a result on August 20, 2017, but the case was later dismissed on April 21, 2018. (*Id.* at 3-8.) She received a four-day suspension for refusing to follow her assigned crew leader's directions on November 8, 2017, which she appealed. (*Id.* at 9-11, 15.) Her driver's license was reported as suspended in September 2017, and the Texas Department of Public Safety downgraded her commercial driver's license on March 21, 2018. (*Id.* at 16-18.) The attachments also reflect that Plaintiff was terminated on September 13, 2018, for submitting a doctor's note that appeared to contained an altered return-to-work date to her supervisor. (*Id.* at 33-35, 37-38.)

## II.  RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 18 at 10-17.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by

2

lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*,

3

197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008). If "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293–94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *Ogbogu v. Navin*, No. 3:18-CV-1912-K-BH, 2019 WL 4307011, at *5–6 (N.D. Tex. Aug. 16, 2019), *report and rec. adopted sub nom. Ogbogu v. Acting Sec'y of Labor, Dep't of*

4

*Labor*, No. 3:18-CV-1912-K, 2019 WL 4303102 (N.D. Tex. Sept. 11, 2019).

Here, the pleadings consist of Plaintiff's complaint and response to a magistrate judge's questionnaire.[3] (doc. 3; doc. 12.) In response to Defendant's motion, Plaintiff submitted a 48-page document containing exhibits relating to her claims. (doc. 22.) Although the exhibits were not attached to her complaint, they may be considered part of the pleadings because they are attached to the response, generally referred to in her complaint and central to her claims, and some also appear to be matters of public record.[4] It is therefore unnecessary to convert Defendant's motion to dismiss into a motion for summary judgment.

A. **Employment Discrimination**

Defendant seeks to dismiss Plaintiff's discrimination claims for failure to exhaust administrative remedies. (doc. 18 at 10-11.)

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Before an individual can pursue a Title VII claim in federal court, she must timely exhaust her available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). This typically means that the complainant must file a charge with the EEOC and receive a "right to sue" letter before filing suit. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n.1 (2002).

The Supreme Court has clarified that the mandatory exhaustion requirement of Title VII is

---

[3] Plaintiff's answers to the magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No.* 153, 23 F.3d 94, 97 (5th Cir. 1994).

[4] Whether or not the attachments are considered, the ultimate recommendation in this case remains the same.

"not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Tex v. Davis*, 139 S.Ct. 1843, 1851 (2019). It is instead a condition precedent to maintaining a Title VII claim. *See id*. Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979); *see Johnson v. U.S. Postal Serv.*, No. 3:15-CV-1081-L-BK, 2016 WL 791076, at *1–2 (N.D. Tex. Jan. 27, 2016) (finding that a plaintiff's Title VII claim should be dismissed for failure to state a claim where the plaintiff failed to allege exhaustion of administrative remedies); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (dismissing the plaintiff's claim under Rule 12(b)(6) where the plaintiff alleged that he filed a charge but failed to allege that a right to sue letter was issued or received).

Here, Plaintiff alleges that she filed a charge of discrimination with the EEOC on August 2, 2017, but concedes that it has not issued a final decision or a right-to-sue letter. (doc. 12 at 2.) She did not respond to Defendant's contention that she failed to exhaust her administrative remedies. Because she has failed to allege that she has met the precondition for filing suit by exhausting her available administrative remedies, her Title VII claims should be dismissed without prejudice.[5] *See Hoffman*, 596 F.2d at 685 ("A judicial complaint that fails to allege exhaustion of administrative remedies ... is properly subject to dismissal."); *Shabazz*, 300 F. Supp. 2d at 471 (dismissing *pro se* plaintiff's Title VII claim without prejudice where the plaintiff failed to allege exhaustion of administrative remedies in his complaint); *Morgan v. Texas Dep't of State Health Servs.*, No. 3:17-

---

[5] Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice. *Csorba v. Varo, Inc.*, 58 F.3d 636 n.2 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, [however,] the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997)*; Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).

CV-0897-D-BH, 2018 WL 2031890, at *4 (N.D. Tex. Mar. 29, 2018), *report and rec adopted*, 2018 WL 2017596 (N.D. Tex. May 1, 2018).[6]

## B. Defamation

Defendant also moves to dismiss Plaintiff's claim for defamation as barred by governmental immunity under the Texas Tort Claims Act (TTCA). (doc. 18 at 15-17.)[7]

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Price v. Dallas Area Rapid Transportation Police Dep't,* No. 3:17-CV-2835-N BH, 2019 WL 3754455, at *11 (N.D. Tex. July 8, 2019), *report and rec. adopted*, 2019 WL 3731899 (N.D. Tex. Aug. 8, 2019). "A city 'is a governmental unit under Texas law'." *Gaines v. City of Dallas,* No. 3:17-CV-1867-L, 2018 WL 7078541, at *8 (N.D. Tex. Dec. 28, 2018) (quoting *Myart v. City of San Antonio, Texas*, No. SA-06-CA-0256 FB (NN), 2007 WL 26805, at *4 (W.D. Tex. Jan. 3, 2007)), *report and rec. adopted*, 2019 WL 266855 (N.D. Tex. Jan. 18, 2019). "The TTCA's waiver of immunity constitutes the 'only ... avenue for common-law recovery against the

---

[6] Because Plaintiff's discrimination claims are subject to dismissal for failure to exhaust administrative remedies, it is unnecessary to reach Defendant's alternative argument for dismissal. (*See* doc. 18 at 12-15.)

[7] Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts have the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996). In exercising their discretion to exercise this power, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. Here, these factors weigh in favor of retaining jurisdiction over Plaintiff's defamation claim, which arises from the same "common nucleus of operative facts" involving her employment. Requiring her to litigate this claim in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues" and would impose unnecessary expenses on the court system and the parties. *See McKee*, 2007 WL 2381246, at *4; *McCall v. Peters*, No. CIV.A. 3:00-CV-2247-D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd by* 108 F. App'x 862 (5th Cir. 2004) (noting that in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent adjudicating the case). The Court should therefore exercise supplemental jurisdiction over the defamation claim.

7

government' on a tort theory." *Id.* (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ). It expressly does not apply to claims "arising out of assault, battery, false imprisonment, or *any other intentional tort.*" Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (emphasis added).

Here, Plaintiff alleges that Defendant made defamatory statements that her license had been suspended and that she had been insubordinate. (doc. 3 at 2.) Defamation is an intentional tort under Texas law. *Gaines*, 2018 WL 7078541, at *8. The TTCA's limited waiver of sovereign immunity does not apply to this intentional tort. *See id.* (citing *Swiat v. City of Fort Worth*, No. 4:10-CV-354-A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) (considering the scope of § 101.057(2)). Accordingly, Defendant has immunity from this claim under the TTCA, and it should also be dismissed. *See id.* (finding that city's motion to dismiss should be granted on the basis that the TTCA's limited waiver of sovereign immunity does not apply to the intentional tort of defamation)(citing *Williams v. City of Irving, Texas*, No. 3:15-CV-1701-L-BH, 2017 WL 3822115, at *9 (N.D. Tex. July 14, 2017)), *adopted by*, 2017 WL 3726980 (N.D. Tex. Aug. 30, 2017).

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an

opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff concedes that she has not yet received a final decision from the EEOC, so she has alleged her best case with regard to her Title VII discrimination claim at this time. (doc. 12 at 2.) She has also alleged her best case as to her state law claim for defamation because Defendant has immunity under the TTCA. Accordingly, no opportunity to amend her complaint is warranted.

### IV. RECOMMENDATION

The defendant's motion should be granted, the plaintiff's discrimination claim under Title VII should be **DISMISSED** without prejudice, and her state law claim of defamation should be **DISMISSED** with prejudice.

**SO RECOMMENDED** on this 30th day of December, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE